

NUMBER 13-09-00532-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**HOWARD LEE DYKES,**                                                                **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                **Appellee.**

---

On appeal from the 24th District Court of
Victoria County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Garza
Memorandum Opinion by Justice Yañez**

In 2005, pursuant to a plea agreement, appellant, Howard Lee Dykes, pleaded guilty to aggravated sexual assault, a first-degree felony,[1] and was placed on deferred-adjudication community supervision for ten years.[2]  In 2009, the State filed a motion to

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B), (e) (Vernon Supp. 2009).

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2009).

adjudicate guilt, alleging multiple violations of the terms of community supervision. Appellant pleaded "true" to the State's allegations. The trial court revoked appellant's community supervision, adjudicated him guilty, and sentenced him to forty-five years' confinement in the Texas Department of Criminal Justice–Institutional Division. The trial court certified appellant's right to appeal. In a single issue, appellant contends that article 42.07 of the code of criminal procedure "is unconstitutional in that it abridges a defendant's constitutional Due Process right under the United States [C]onstitution to directly address the court personally, apart from testifying, in mitigation of his sentence."[3] We affirm.

## I. Applicable Law

Article 42.07 of the Texas Code of Criminal Procedure provides:

> Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him. The only reasons which can be shown, on account of which sentence cannot be pronounced, are:
>
> 1. That the defendant has received a pardon from the proper authority, on the presentation of which, legally authenticated, he shall be discharged;
>
> 2. That the defendant is incompetent to stand trial; and if evidence be shown to support a finding of incompetency to stand trial, no sentence shall be pronounced, and the court shall proceed under Chapter 46B; and
>
> 3. When a person who has been convicted escapes after conviction and before sentence and an individual supposed to be the same has been arrested he may before sentence is pronounced, deny that he is the person convicted, and an issue be accordingly tried before a jury, or before the court if a jury is waived, as to his identity.[4]

---

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 42.07 (Vernon 2006). Appellant notes several times in his brief that, "Defendant acknowledges that this argument is foreclosed under current law but raises it in an adversarial fashion for purposes of preserving error for possible further review."

[4] *Id.*

## II. Discussion

Among other witnesses, appellant testified at his revocation hearing.[5] After adjudicating appellant guilty, the trial court asked, "[i]s there any legal reason why sentence should not be pronounced and imposed?" Appellant's counsel responded, "No, your Honor."

We note that on facts remarkably similar to those here, this Court has already considered—and rejected—the argument appellant makes in this case. In *Arguellez v. State*,[6] an unpublished case, this Court held that the defendant forfeited his complaint on appeal because he failed to make the trial court aware of his complaint that article 42.07 is unconstitutional because it denies a defendant a right of allocution, i.e., the right of a defendant to make a final plea to the judge on his or her own behalf prior to sentencing.[7]

We see no reason to depart from our prior holding. Appellant's sole issue is overruled. We affirm the trial court's judgment.

LINDA REYNA YAÑEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
19th day of August, 2010.

---

[5] Among other witnesses, the sexual assault victim, who was eight years old at the time of the offense, testified.

[6] *Arguellez v. State*, No. 13-09-136-CR, 2009 Tex. App. LEXIS 7832, at *6 (Tex. App.–Corpus Christi Oct. 8, 2009, no pet.) (mem. op., not designated for publication).

[7] *See id.* at **5-6.

3